**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.    PEEL PAYMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No.  CIV-16-0425-HE |
| vs. | ) | |
| | ) | |
| 1.    FIRST DATA CORPORATION , | ) | |
| 2.    FIRST DATA MERCHANT | ) | |
| SERVICES CORPORATION a/k/a, | ) | |
| FIRST DATA MERCHANT | ) | |
| SERVICES, LLC and | ) | |
| 3.    JOE CARTELLONE, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

**COMES NOW,** the Plaintiff, Peel Payments, LLC, (hereinafter referred to as "Peel Payments" or "Plaintiff"), and for its cause of action against the Defendants, First Data Corporation (hereinafter referred to as "First Data or "Defendant"), First Data Merchant Services Corporation a/k/a First Data Merchant Services, LLC (hereinafter referred to as "FDMS" or "Defendant") and Joe Cartellone (hereinafter referred to as "Cartellone"), alleges and states as follows:

1.    That the Plaintiff is an Oklahoma limited liability company with its headquarters in Oklahoma County, State of Oklahoma.

2.    That Plaintiff specializes in providing payment processing solutions to businesses.

3.    That the Defendant, First Data Corporation, is a global payment technology solutions company that, to the best information and belief of Plaintiff, has its headquarters in Atlanta, Georgia.   Defendant's headquarters is located at 5565 Glenridge, Connector NE, Suite 2000, Atlanta, GA  30342.

4.    That the Defendant, First Data Merchant Services Corporation a/k/a First Data Merchant Services, LLC, is a global payment technology solutions company that deals with Independent Service Organizations (hereinafter referred to as "ISO") and also has its headquarters in Atlanta, Georgia. Defendant's headquarters is located at 5565 Glenridge, Connector NE, Suite 2000, Atlanta, GA  30342.

5.    That Defendant, Joe Cartellone, is a Senior Vice President at First Data and head of SMB Merchant Business at First Data.

6.    Based upon all information and belief, Joe Cartellone, is a resident of Atlanta, Georgia at all times relevant hereto.

7.    That all times relevant hereto, Joe Cartellone was acting within the course and scope of his employment for First Data as its employee, agent or servant.

8.    Defendants are proper parties to this action pursuant to 28 U.S.C. § 1332, et seq. because the amount in controversy exceeds $75,000.00.

9.    That this Court has jurisdiction and venue over this matter.

10.   That Defendants have established and maintained a Service Providers' program of merchant participation in Bank Card processing systems to facilitate transactions and related services as described within their Bank Card merchant applications.

11.   That Defendant FDMS' contract with Peel Payments, LLC was to market the Service Providers' program to merchants.

12.   That on April 8, 2015, Defendant FDMS entered into a Marketing Agreement (hereinafter referred to as "Marketing Agreement") with Plaintiff as an ISO to market the Service Providers' program to merchants.

13.   That on April 20, 2016, Defendant Cartellone, as Senior Vice President of First Data, sent a letter, on behalf of Defendant First Data, to Plaintiff unjustly breaching and terminating the Marketing Agreement without authority and/or a reasonable basis or justification for doing so.

14.   That Peel Payments fulfilled all of its obligations under the terms of the Marketing Agreement and is not in breach of same.

15.   That Defendant FDMS has breached the Marketing Agreement and prevented Peel Payments from being able to service or properly provide processing services to Plaintiff's customers.

16.   That as a direct result of the actions of the Defendants, Plaintiff and its customers have sustained substantial damages and permanent and

3

irreparable harm to Plaintiff's customers and Plaintiff's business, including but not limited to, litigation costs and attorney's fees.

## COUNT I - BREACH OF CONTRACT

COMES NOW, the Plaintiff, Peel Payments, and for its First Cause of Action against Defendant, First Data, and herein incorporates the allegations set forth above and further asserts:

17.   That each of the above referenced acts and omissions, singularly and/or in combination with others, constitutes a breach of contract, which proximately caused Plaintiff's damages, which are in excess of the amount that is required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**WHEREFORE**, the Plaintiff, Peel Payments, prays for judgment against the Defendants, First Data, and FDMS and for a total sum in excess of the amount that is required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, costs of this action, attorney's fees and for such other and further relief as the Court deems just and proper.

## COUNT II - ANTICOMPETITVE CONDUCT

COMES NOW, the Plaintiff, Peel Payments, and for its Second Cause of Action against Defendants, FDMS, First Data and Cartellone, and herein incorporates the allegations set forth above and further asserts:

18.   That each of the above referenced acts and omissions, singularly and/or in combination with others, constitutes violations of the Sherman Antitrust Act, 15 U.S.C. §§ 1-7, which proximately caused Plaintiff's damages and

which are in excess of the amount that is required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

19.     Defendant Cartellone, as a Senior Vice President at First Data and Head of First Data SMB Merchant Business, acting on behalf of FDMS, stands as a direct competitor to Plaintiff and is acting outside the scope of his authority.

20.     That Defendant First Data and/or FDMS provided customer information of the Plaintiff's to Defendant Cartellone in an effort to ultimately restrain trade and commerce and drive Plaintiff from the market.

21.     That Defendants colluded in an effort to affect terms that will ultimately affect prices to consumers.

22.     That Defendants' actions are also in violation of the Oklahoma Antitrust Reform Act, 79 O.S. § 201 et seq.

**WHEREFORE**, the Plaintiff, Peel Payments, prays for judgment against the Defendants, First Data, FDMS and Cartellone, for a total sum in excess of the amount that is required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, costs of this action, attorney's fees and for such other and further relief as the Court deems just and proper.

## COUNT III - TORTIOUS INTERFERENCE WITH CONTRACT RELATIONSHIPS

COMES NOW, the Plaintiff, Peel Payments, and for its Third Cause of Action against Defendants, First Data, FDMS and Cartellone, and herein incorporates the allegations set forth above and further asserts:

5

23.   Defendant Cartellone, as a Senior Vice President at First Data and Head of SMB Merchant Business at First Data stands as a direct competitor to Plaintiff.

24.   That Defendant First Data and/or FDMS provided customer information of the Plaintiff's to Defendant Cartellone.

25.   That by engaging in such conduct in disregard of Plaintiff's rights, Defendants have tortiously interfered with Plaintiff's contractual relationships and with its business expectancies.

26.   As a result of Defendants' tortious interference, Plaintiff has suffered damages, including the inability to process services for its customers.

**WHEREFORE**, the Plaintiff, Peel Payments, prays for judgment against the Defendants, FDMS, First Data and Cartellone, for a total sum in excess of the amount that is required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, costs of this action, attorney's fees and for such other and further relief as the Court deems just and proper.

## COUNT IV - BREACH OF FIDICIUARY DUTY

COMES NOW, the Plaintiff, Peel Payments, and for its Fourth Cause of Action against Defendants, First Data, FDMS and Cartellone, and herein incorporates the allegations set forth above and further asserts:

27.   Defendant Cartellone, as a Senior Vice President at First Data Head of SMB Merchant Business, stands as a direct competitor to Plaintiff.

28.     That Defendant First Data and/or FDMS provided confidential customer information of the Plaintiff's to Defendant Cartellone.

29.     That by engaging in such conduct in disregard of Plaintiff's rights, Defendants have tortiously breached its fiduciary duty to Plaintiff.

30.     As a result of Defendants' tortious conduct, Plaintiff has suffered damages, including the inability to process or provide services for its customers.

**WHEREFORE**, the Plaintiff, Peel Payments, prays for judgment against the Defendants, FDMS, First Data and Cartellone, and for a total sum in excess of the amount that is required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, costs of this action, attorney's fees and for such other and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for:

A.     Judgment against Defendants for a total sum in excess of the amount that is required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, costs of this action, attorney's fees and for such other and further relief as the Court deems just and proper;

B.     A preliminary and permanent injunction against further tortious conduct on behalf of the Defendants;

C.     An Order compelling Defendants to make good to Plaintiff on all losses resulting from Defendants' conduct and to restore to Plaintiff all profits

which Plaintiff would have made if Defendants had properly fulfilled their fiduciary obligations;

D.    The award of all prejudgment and post judgment interest; and

E.    Such other and further relief the Court deems just and equitable.

Respectfully submitted,

s/ Kenyatta R. Bethea
KENYATTA R. BETHEA, OBA# 18650
HOLLOWAY, BETHEA & OSENBAUGH
3035 N.W. 63rd, Suite 102N
Oklahoma City, OK 73116
Telephone: (405) 246-0600
Facsimile:   (405) 810-4080
kbethea@hbolaw.com
          -and-
Robert W. Raftery, Esq.
3035 N.W. 63rd, Suite 102N
Oklahoma City, OK 73116
Telephone: (405) 570-6241
Facsimile: (405) 605-1011
rwr609@cox.net
**ATTORNEYS FOR PLAINTIFF**
**PEEL PAYMENTS, LLC**

**JURY TRIAL DEMANDED**