# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PEEL PAYMENTS, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-16-0425-HE |
| FIRST DATA CORPORATION, ET AL., | ) |
| Defendants. | ) |

## ORDER

Third-party defendants Mark Raftery and Lance Mitchell are former employees of defendant First Data Corporation ("First Data"). They are alleged to be the principals of Peel Payments, LLC ("Peel"), the plaintiff in this case.[1] First Data has asserted a counterclaim against Peel and third-party claims against Raftery, Mitchell and others. Raftery and Mitchell (the "Moving Defendants" hereafter) have moved to dismiss the claims asserted against them pursuant to Fed.R.Civ.P. 12(b)(6).

When considering a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). Generally, the complaint need only present "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). To survive the motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "to raise

---

[1] *Peel is an LLC. The parties' submission do not indicate whether Raftery and Mitchell are managers or members of the LLC, but just reference them as "principals."*

a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Where a fraud claim is alleged, the pleading burden is more exacting. A party alleging fraud or mistake must "state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). While a party's intent and state of mind may be alleged generally, the complaint must still "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." Toone v. Wells Fargo Bank, N.A., 716 F.3d 516, 522 (10th Cir. 2013).

According to the third-party complaint,[2] Peel and the Moving Defendants conspired with other former employees to divert customers generated directly by First Data into contracts for First Data's services which were marketed through Peel. Based on those general circumstances, First Data asserts claims against the Moving Defendants for fraud, breach of contract (the employment contracts between each Moving Defendant and First Data), aiding and abetting breach of the common law fiduciary duty of loyalty, misappropriation of trade secrets, conversion, civil conspiracy, tortious interference with contractual relationships (between First Data and its employees), tortious interference with contractual relationships (between First Data and its customers), intentional interference with prospective economic advantage, and unfair competition.

The motions to dismiss are perfunctory and offer little in the way of analysis or

---

[2]*For purposes of this order, the third party complaint will be referred to as the complaint.*

authority to support the motions. For the most part, the court concludes the allegations of the complaint are sufficient when tested against <u>Twombly</u> standards. However, there is one aspect of Mr. Raftery's motion which must be granted and certain other issues which merit some comment.

As to the fraud claims, defendants essentially assert that the Moving Defendants made fraudulent assertions through execution of the Marketing Agreement between Peel and First Data. Specifically, the complaint alleges that the Marketing Agreement included promises by Peel to use its best efforts to market First Data's business, to secure new customers for it, and to accurately describe and promote its services. It also alleges circumstances which support an inference that these promises were false when made, including allegations that, at the time the Marketing Agreement was signed, these defendants had already engaged two of First Data's then-employees to do work for Peel and were taking other steps inconsistent with promoting First Data's interests. As to Mr. Mitchell, who actually signed the Marketing Agreement on behalf of Peel and who may therefore be deemed to have made the claimed misrepresentations, the court concludes the allegations are sufficient to state a fraud claim against him. Mr. Raftery, however, did not sign the agreement and there are no other allegations which supply the necessary "time, place and contents" information as to claimed misrepresentations by him sufficient to support a fraud claim. The Rule 9 standards are not met as to Raftery.

As to the breach of contract claim, defendants argue the provisions of the employment

3

contracts upon which First Data relies violate Oklahoma law and are unenforceable. However, even if applicable,[3] Oklahoma's limitations on non-compete agreements appear to extend only to a portion of the remedy which First Data is seeking rather than precluding it entirely. The limitations do not extend to direct solicitation of existing customers, which is among the allegations First Data makes here. In these circumstances, the court concludes the breach of contract claims should not be dismissed and any limitations on scope can be enforced later.

The Moving Defendants argue that aiding and abetting the breach of a fiduciary duty is not a recognized cause of action in Oklahoma. First Data concedes that the claim has not been expressly recognized by the Oklahoma Supreme Court, but that does not necessarily end the issue. Where an issue has not been decided by a state's highest court, federal courts "must determine what decision that state court would make if faced with the same facts and issue." Oliveros v. Mitchell, 449 F.3d 1091, 1093 (10th Cir. 2006). Breach of fiduciary duty is a recognized tort in Oklahoma. See May v. Oklahoma Bank and Trust Co., 261 P.3d 1138, 1142, n.3 (Okla. 2011). Oklahoma courts have recognized claims for aiding and abetting in other circumstances. E.g., Cooper v. Bondoni, 841 P.2d 608, 611–12 (Okla. Civ. App. 1992) (negligence); Keel v. Hainline, 331 P.2d 397, 400–01 (Okla. 1958) (assault and battery); Continental Gin Co. v. De Bord, 123 P. 159 (Okla. 1912) (conversion). There is therefore

---

[3]*Defendants argue Georgia, rather than Oklahoma law, should apply here based on a choice of law provision in the contract. Given the minimal discussion of the issue in the current briefing, the court reaches no conclusion as to the choice of law issue.*

some reason to believe the Oklahoma courts might recognize a claim such as is asserted here and the court declines to conclude otherwise on the basis of the minimal briefing and discussion presently before it. Further, as noted above, defendants assert the substantive law of Georgia is applicable here. If that proves to be the case, the state of Oklahoma law on the issue may be beside the point. See Panama Processes, S.A. v. Cities Svc. Co., 796 P.2d 276, 287–90 (Okla. 1990) (applying Brazilian law to a claim for breach of fiduciary duty arising from contract to be performed in Brazil); see also Rash v. J.V. Intermediate, Ltd., 498 F.3d 1201, 1206–07 (10th Cir. 2007) (applying Texas law to a claim for breach of fiduciary duty pursuant to the choice of law provision in an employment contract).

For the reasons stated, the motions to dismiss of Mark Raftery [Doc. #33] and Lance Mitchell [Doc. #32] are **DENIED**, except that Mr. Raftery's motion is **GRANTED** as to the fraud claim.

**IT IS SO ORDERED**.

Dated this 28th day of October, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE